ORIGINAL

# In the United States Court of Federal Claims

No. 16-369C

(Filed: July 5, 2016)

**FILED**
JUL - 5 2016
U.S. COURT OF
FEDERAL CLAIMS

(NOT TO BE PUBLISHED)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| SOLOMON UPSHAW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Solomon Upshaw, *pro se*, Cape Neddick, Maine.

Elizabeth Anne Speck, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER**

LETTOW, Judge.

Plaintiff Solomon Upshaw seeks damages under the Federal Tort Claims Act, codified at 28 U.S.C. § 2674.  He alleges that Alma Upshaw, a family member, was driving in a car on June 19, 1993 when she was struck and killed by another vehicle.  Mr. Upshaw's complaint does not allege who was driving the other vehicle, but his subsequent filings suggest that the driver may have been negligently driving a vehicle owned by a government entity.[1]  Mr. Upshaw further avers that on July 12, 1993 employees of the state of Georgia, including a coroner in Columbus, Georgia, prepared a death certificate for Alma Upshaw but negligently failed to name the driver of the other vehicle.  Mr. Upshaw makes no specific allegations regarding the United States, a federal agency, or any federal employee.  The government has moved to dismiss Mr. Upshaw's complaint, and Mr. Upshaw's response opposes that motion.

---

[1] In Mr. Upshaw's brief in response to the United States' motion to dismiss, he states that "Alma Upshaw was killed in defendants automobile in Georgia in June 1993, due to negligence of another driver conduct Acts death of victim, Omission of Name, and Alma Upshaw is not a wife of Solomon Upshaw, and never was a wife."  Pl.'s Opp'n at 1, ECF No. 7.

## A. JURISDICTION

Pursuant to the Tucker Act, codified at 28 U.S.C. § 1491(a), this court's jurisdiction is limited to claims against the United States, not "private parties." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The Tucker Act further limits the court's jurisdiction to cases "not sounding in tort." 28 U.S.C. § 1491(a)(1); *Sounders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). And even if a case does arise under the court's Tucker Act jurisdiction, the claims are justiciable only if they are filed within six years of the date on which they accrue. 28 U.S.C. § 2501. If the court at any time determines it lacks jurisdiction, it must dismiss the case. Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"); *see also Brady v. United States*, 541 Fed. Appx. 991, 993 (Fed. Cir. 2013) (affirming *sua sponte* dismissal of a *pro se* complaint for lack of jurisdiction); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (although courts hold *pro se* plaintiffs to less stringent standards, this leniency does not extend to plaintiff's burden of establishing jurisdiction). Because Mr. Upshaw makes no allegations against the United States, the court must dismiss his case. Alternately, and to the extent his allegations could be construed as claims against the United States, his claims must be dismissed because they sound in tort. Finally, his claims arising out of conduct in 1993 are outside the court's six-year statute of limitations.

## B. TRANSFER

The court also declines to transfer the case pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to another federal court that would have had jurisdiction. Plaintiff's complaint fails to state a claim under RCFC 12(b)(6) because it contains no allegations about his relationship to Alma Upshaw, nor does it provide any factual support showing that certain actors were negligent. For that reason, transfer is not in the interest of justice. *See Bedell v. United States*, 637 Fed. Appx. 596, 597 (Fed. Cir. 2016) (transfer not in interest of justice when complaint fails to state a claim). Moreover, tort claims against the federal government generally must be presented to the relevant federal agency within two years of the alleged unlawful action, and thereafter must be filed in federal court within six months. 28 U.S.C. § 2401(b). Mr. Upshaw's filings provide no reason to believe he has presented a claim to any federal agency. As a consequence, it is likely that no federal court would consider Mr. Upshaw's action under the Federal Tort Claims Act. *Cf. United States v. Kwai Fun Wong*, ___ U.S. ___, ___, 135 S. Ct. 1625, 1629 & 1638 (2015) (holding that the time limits in 28 U.S.C. § 2401(b) are non-jurisdictional and subject to equitable tolling, but plaintiff must still provide "a good reason for filing late").

## CONCLUSION

The court concludes that Mr. Upshaw's complaint must be dismissed for lack of subject matter jurisdiction. The clerk is directed to enter judgment in accord with this disposition.
No costs.

It is so ORDERED.

Charles F. Lettow
Judge